UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a nonprofit corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>NORTHERN RECYCLING & WASTE SERVICES, a California corporation; and DOUGLAS SPEICHER, an individual,<br><br>    Defendants. | No. 2:14-CV-1601-GEB-CKD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT FOR EXCUSABLE NEGLECT** |

Plaintiff moves under Federal Rule of Civil Procedure ("Rule") 60(b) for an order setting aside the order filed on November 21, 2014 (ECF No. 5), that dismissed this lawsuit. The dismissal order issued after Plaintiff failed to serve any defendant within the period prescribed in Rule 4(m) and failed to comply with an order to show cause concerning this failure. (ECF No. 4.) Plaintiff argues its failure was due to counsel's excusable neglect, and that under Rule 60(b) this excusable neglect authorizes it to now seek an order vacating the judgment entered against it following the November 21, 2014 dismissal order and a decision rescinding the dismissal order.

1

## I. LEGAL STANDARD

"Rule 60 regulates the procedures by which a party may obtain relief from a final judgment . . . . [,and] attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007). Rule 60(b) states in pertinent part: "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . excusable neglect." The question of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Serv. Co. v. Brunkswich Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993).

> Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect. Nonetheless, [the Ninth Circuit] . . . ha[s] held that there may be some circumstances in which simple inadvertence could be excusable neglect. To determine whether the inadvertence can be excusable, [courts] . . . apply the Pioneer factors: (1) the danger of prejudice to the nonmoving party; (2) the length of delay; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the moving party's conduct was in good faith.

Harvest v. Castro, 531 F.3d 737, 746 (9th Cir. 2008) (citing Pioneer, 507 U.S. at 395)). "Rule 60(b) is remedial in nature and . . . must be liberally applied." Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1262 (9th Cir. 2010) (internal quotation omitted).

## II. DISCUSSION

Plaintiff argues Defendants would not be prejudiced if

2

the lawsuit is reinstated since "the [D]efendants were aware of and participated in the case from its onset . . . . [and] the parties were actively working towards a resolution to their dispute even before the complaint was filed." (Mot. 6:9-11, ECF No. 7; Tuerck Decl. ¶¶ 2, 9, 12, 24, ECF No. 7-1.) Plaintiff's counsel Robert Tuerck declares that before filing suit, Plaintiff sent Defendants a Notice of Violations and Intent to Sue in May 2014 and since that time, "counsel for both parties [have] had numerous conversations regarding the allegations and the likelihood of settlement." (Tuerck Decl. ¶¶ 2, 8; Brady Decl. Ex. 1, ECF No. 10-1.) Defendants do not identify any prejudice they would suffer if the motion is granted.

The delay factor favors granting the motion since a "short delay" of twenty-six days exists between the entry of final judgment and when Plaintiff filed its motion for reconsideration. TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001) (finding that a motion filed less than one month after final judgment was entered was a "short delay").

Plaintiff asserts the reason for its initial decision to "delay service of the complaint [was] so the [D]efendants could avoid the time and expense of filing a responsive pleading while settlement negotiations were underway", and that failure to respond to the court's Rule 4(m) notice resulted from "an extraordinary confluence of circumstances that were beyond the control of the Plaintiff." (Tuerck Decl. ¶ 11; Mot. 2:2-7.) Plaintiff's counsel declares that in June, he "informed the [D]efendants and their counsel that [Plaintiff] . . . would be filing a complaint . . . [but] would delay service . . . so the

1  [D]efendants could avoid the time and expense of filing a
2  responsive pleading while settlement negotiations were underway;"
3  and that Defendants agreed to this. (Tureck Decl. ¶¶ 8, 10-11.)
4  Counsel also declares he did not respond to the Rule 4(m) notice
5  because his "father was hospitalized, [and] his health began to
6  rapidly decline", so counsel was "travel[ing] . . . for the
7  funeral" on the same day "the court filed" the Rule 4(m) notice;
8  and because "the job of making arrangements for [his father's]...
9  funeral and taking over . . . matters left by his death fell to"
10 him, "[i]n the midst of the loss, travel, and the funeral
11 arrangements, [he]. . . missed the court's" communication.
12 (Tuerck Decl. ¶ 18, 20-21, 22, 25.)

13         Defendants contend that Plaintiff has not clearly shown
14 its failure to serve the compliant was actually caused by the
15 death of counsel's father since counsel's declaration "fails to
16 state that [counsel] actually calendared the due date for service
17 of the complaint, . . . fails to state whether [counsel] employed
18 a 'tickler' system to avoid missing important dates," and fails
19 to explain why co-counsel or his law partner could not take over
20 for him. (Opp'n 4:21-5:6.)

21         Plaintiff's counsel responds that his failure to comply
22 with court's order is "the sole and direct result of the
23 distractions caused by his father's illness and death" rather
24 than a failure to put in place an appropriate monitoring system;
25 that his law partner was also "traveling to the funeral" with him
26 since she is his wife; and that "under the circumstances . . .
27 [he] never thought to contact" co-counsel. (Reply 5:1-2; 5:3-6.)

28         Plaintiff has shown that the equity factors weigh in

4

its favor.  Therefore Plaintiff's motion will be granted.

## III. CONCLUSION

For the stated reasons, Plaintiff's Rule 60(b) motion for relief is GRANTED. Therefore, the judgment in Docket No. 6 is vacated and the order in Docket No. 5 is rescinded.

Dated:   February 18, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge